UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELVIN ROMAN and
VICTOR SANCHEZ,

    Plaintiffs,

v.

CASE NO: 6:16-cv-969-Or-41DAB

FSC CLEARWATER, LLC and
FSC CLEARWATER II, LLC,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ELVIN ROMAN and VICTOR SANCHEZ, by and through undersigned counsel, brings this action against Defendants, FSC CLEARWATER, LLC and FSC CLEARWATER II, LLC and in support of their claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3) and the Internal Revenue Code 26 U.S.C. § 7434.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Osceola County, Florida.

### PARTIES

4. Plaintiffs are residents of Osceola County, Florida.

5. Defendants operate their businesses in Osceola County, Florida.

6. The INTERNAL REVENUE SERIVCE ("IRS") will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434} Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

## GENERAL ALLEGATIONS

7. Plaintiffs have satisfied all conditions precedent, or they have been waived.

8. Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

9. Plaintiffs request a jury trial for all issues so triable.

10. At all times material hereto, Plaintiffs were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Defendant continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, Defendants were engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

15. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

16. At all times material hereto, Plaintiffs, while employed by Defendants, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

17. Specifically, Plaintiffs were not employed by Defendants in a bona fide administrative, executive, or professional capacity. In particular, Plaintiffs had no authority to hire or terminate any other employee of Defendants; they had no special or professional qualifications and skills for the explicit use of which they were employed by Defendants; and they had no control whatsoever over Defendants' business operations, even from an administrative standpoint.

18. Thus, Plaintiffs are "non-exempt employees" who are covered by the FLSA.

19. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants.

## FACTS

20. Plaintiff began working for Defendants as maintenance workers in January 2013 and August 2011, respectively, and they worked in this capacity until April 2016.

21. At various times material hereto, Plaintiffs worked hours in excess of forty (40) hours within a work week for Defendants, and they were entitled to be compensated

for these overtime hours at a rate equal to one and one-half times their regular hourly rate.

22.     Defendants failed to pay Plaintiffs an overtime premium for all of the overtime hours that they worked, in violation of the FLSA.

23.     Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

24.     Plaintiffs, during a work week would spend the majority of their time working for one Defendant over the other Defendant.

25.     Regardless of how much more time the Plaintiffs worked for one Defendant over the other, Defendants, each week would split the Plaintiffs hours between each other to avoid the Plaintiffs having worked more than 40 hours for one Defendant or the other, thereby avoiding having to pay Plaintiffs overtime.

26.     As a result of the Defendants method of paying wages to Plaintiffs, Defendants intentionally filed multiple W2s for each Plaintiff that included fraudulent information, specifically; Defendants improperly reported the wages earned by Plaintiffs from each Defendant.

27.     Defendants knew or should have known they had a legal duty to properly pay Plaintiffs and to not file returns containing fraudulent information.

28.     Defendants' actions were willful, and showed reckless disregard for the provisions of the Internal Revenue Code.

## COUNT I – FLSA OVERTIME VIOLATION

29. Plaintiff realleges and readopts the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

30. During the statutory period, Plaintiffs worked overtime hours while employed by Defendants, and they were not compensated for all of these hours in accordance with the FLSA.

31. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

32. As a result of the foregoing, Plaintiffs have suffered damages.

***WHEREFORE***, Plaintiffs demand:

a) Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

b) Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

c) An amount equal to Plaintiffs' overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendants' practices as to Plaintiffs were unlawful, and a grant of equitable relief to Plaintiffs;

f) All costs and attorney's fees incurred in prosecuting these claims; and

      g)    For such further relief as this Court deems just and equitable.

## COUNT II – CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS 26 U.S.C. § 7434 (a)

33. Plaintiff realleges and readopts the allegations of paragraphs 1 through 28 of this Complaint as though fully set forth herein.

34. By filing multiple reports that failed to show the true wages Plaintiffs earned from each Defendant, Defendants intentionally filed with the IRS returns containing fraudulent information, in violation of 26 U.S.C. § 7424.

35. Pursuant to 26 U.S.C. § 7434, "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return." 26 U.S.C. § 7434

**WHEREFORE**, Plaintiffs demand:

(a) Costs attributable to resolving deficiencies, damages of $5,000.00 for Plaintiff and damages resulting from the additional tax debt and additional time/expenses associated with any necessary correction.

(b) That Defendants be ordered to take all the necessary steps to correct the above identified information returns;

(c) All costs and attorney's fees incurred in prosecuting these claims; and

(d) For such further relief as the Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiffs demand trial by jury as to all issues so triable.

Dated this _25th_ day of May, 2016.

Respectfully submitted,

_____
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-379-2565
Facsimile: 813-229-8712
E-mail: lcabassa@wfclaw.com
E-mail: twells@wfclaw.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th of May, 2016, a true and correct copy of this Complaint was served on Internal Revenue Service pursuant to 26 U.S.C. § 7434(d) at 3848 W. Columbus Dr., Tampa, FL 33607

_____
**LUIS A. CABASSA**