## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ELVIN ROMAN AND VICTOR SANCHEZ,

      Plaintiffs,

 v.

FSC CLEARWATER, LLC and FSC                CASE NO.:  6:16-cv-00969-CEM-DCI
CLEARWATER II, LLC,

      Defendants.

_____/

### THIRD RENEWED JOINT MOTION TO APPROVE FLSA SETTLEMENT

      Plaintiffs ELVIN ROMAN and VICTOR SANCHEZ ("Plaintiffs") and Defendants

FSC CLEARWATER, LLC and FSC CLEARWATER II, LLC ("Defendants"), pursuant

to Federal Rule of Civil Procedure 41 and pursuant to the Court's Orders from

January 23, 2017 (Dkt. 28) and January 31, 2017 (Dkt. 30), hereby file this Third

Renewed Joint Motion to Approve the Parties' Settlement and state:

      1.      On June 6, 2016, Plaintiffs filed the instant case pursuant to the Fair Labor

Standards Act ("FLSA") seeking the recovery of overtime wages in connection with their

employment in the position of Maintenance Personnel.  The Plaintiffs worked in this

position for the period of September 2013 and August 2011, respectively, through April

2016.  They alleged that they were denied proper payment of overtime compensation by

Defendants until the termination of their employment.  They further claim civil damages

for fraudulent filing of information returns pursuant to 26 U.S.C. §7434(a).

2.      In order to avoid the uncertainty and costs of litigation, Defendants and Plaintiffs have negotiated a settlement of these matters, subject to the court's fairness review and approval.  The parties have further amended their settlement agreements to strike the confidentiality provision and to provide additional consideration for the general mutual release.  The settlement agreement between the parties and their amendments are filed herewith as **Exhibit A** and **Exhibit B**.  The settlement agreements contain provisions for full compensation to Plaintiffs without compromise for their FLSA claims. Plaintiffs each received a total payment of $6,750.00, with half of this amount being designated as payment for Plaintiffs' disputed unpaid overtime wages claim and the other half designated as payment for Plaintiffs' disputed liquidated damages claim.  The Parties represent that Plaintiffs initially estimated that they were each entitled to $3,375.00 owed for unpaid overtime wages between April 5, 2016 and May 17, 2016.  Defendants have investigated Plaintiffs' time, pay and other personnel records evidencing that Plaintiffs properly were paid for all hours he reported to Defendants as an exempt employee.  The Parties exchanged documents and legal arguments.  Defendants provided documentation to dispute the amount of overtime hours alleged by Plaintiffs and to support their status as exempt employees.  The Parties engaged in multiple discussions regarding the validity of Plaintiffs' allegations.  Plaintiffs acknowledged the difficulty in proving that they worked the total amount of hours alleged.  Plaintiffs also acknowledged that even if they prevailed on his overtime claims, that they may or may not be awarded liquidated damages, and that their damages may be awarded under the range of a two to three year statute of limitations.

3.      The Parties jointly confirm that they had a bona fide dispute under the FLSA.  Defendants asserted, and continue to assert, that they had reasonable grounds to believe they were in compliance with the FLSA at all times and acted in good faith and not in willful violation of the FLSA.

4.      After balancing the benefits of settlement with the costs, risks, and delay of continued litigation, Plaintiffs and their counsel believe that the settlement provided in the proposed settlement agreement is in the best interest of Plaintiffs and represents a fair, reasonable, and adequate resolution of the above-captioned case.

5.      After the Parties resolved Plaintiffs' FLSA claim, they engaged in discussions to resolve Plaintiffs' claim for attorney's fee and costs for Plaintiffs' counsel. The Parties agreed to a payment amount of $6,750.00 total for attorney's fees and costs, $3,375.00 for the work done for each Plaintiff, which was negotiated separately and without regard to the amounts paid to Plaintiffs.  The Parties agree that this amount reflects a reasonable fee payment to Plaintiffs' attorney in terms of hourly rate and work performed, given the nature of this action and the desire of the Parties to fully resolve all issues at this time.

6.      In sum, and with the inclusion of their share of attorney's fees, each Plaintiff received a total sum of $10,125.00.

7.      All Parties have been represented by counsel throughout the litigation.

8.      After reviewing Defendants' business information and information provided by Plaintiffs, Plaintiffs are satisfied that the amount they will receive represents a reasonable compromise of their unpaid overtime wage claim under the FLSA.

9.      Counsel for the Parties represent that the settlement entered into by the Parties was an arms-length compromise and there was no collusion with regard to the settlement of this matter.

10.     Counsel for Plaintiffs represents that in his opinion the probability of Plaintiffs' success on the merits was by no means certain, and that Plaintiffs faced the risk of losing his claim on the merits, or having his claim substantially reduced.

11.     Counsel for Plaintiffs represents that after reviewing Defendants' available affirmative defenses and business information, it is his opinion that the amount offered by Defendants represents a reasonable compromise of the claim based upon the likelihood of success on the merits, and the risks and uncertainties of litigation.

12.     Counsel for Plaintiffs represents that the Plaintiffs are not aware of any other potential claims against Defendants aside from those claims brought in this matter. The Plaintiff's acknowledge that the claim brought pursuant to 26 U.S.C. §7434(a) has no merit.  Therefore, the Plaintiffs state that the consideration of $100.00 for each Plaintiff set forth in the Amendment to the Settlement Agreements in exchange for the general mutual release is fair and reasonable.

13.     Counsel for the Parties, in their respective opinions, concur that the settlement is fair and reasonable under the circumstances and should be approved by the Court.

## MEMORANDUM OF LAW

**A.    Standard of Review.**

Pursuant to the case law of this Circuit, judicial review and approval of a tentative FLSA settlement is necessary to give it final and binding effect.  *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor,* 679 F.2d 1350 (11th Cir. 1982).  As the Eleventh Circuit held in *Lynn*:  "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them…. The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  *Id.* at 1352-53.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute."  *Id.* at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation."  *Id.* at 1354.  In determining whether the settlement is fair and reasonable the Court should consider the following factors:

(1)    the existence of fraud or collusion behind the settlement:
(2)    the complexity, expense, and likely duration of the litigation;

(3)     the stage of the proceedings and the amount of discovery completed

(4)     the probability of Plaintiffs' success on the merits:

(5)     the range of possible recovery; and

(6)     the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. Jan. 8, 2007).   The Court should be mindful of the strong presumption in favor of finding a settlement fair.  *Hamilton,* 2007 U.S. Dist. LEXIS at * 2-3.  "If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable [and] [r]arely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" *Bonetti v. Embarq Management Company*, 715 F. Supp.2d 1227 (M.D. Fla. 2009). Where the plaintiff's attorneys' fee is agreed upon separately without regard to the amount paid to the plaintiff, "then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Id.* at 1228.

**B.    All of the Relevant Criteria Support Final Approval of the Settlement.**

Plaintiffs acknowledge that this settlement provides for payment of wages allegedly due during the FLSA's three-year limitation period, plus an equal amount representing liquidated damages.  Courts have found no fraud or collusion where both parties were represented by counsel and the amounts to be paid to the Plaintiffs seemed

fair. *See Helms v. Central Fla. Reg. Hosp.,* No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006).

Here, each party was independently represented by counsel with experience in litigating claims under the FLSA.  Each counsel was obligated to and did vigorously represent their clients' rights.  Based on the amount to be paid to Plaintiffs, it is clear that there was no fraud or collusion.  These facts further support that the settlement terms were reached with arms-length negotiations.  *See Khait v. Whirlpool Corp.,* 2010 U.S. Dist. LEXIS 4067, * 15 (E.D.N.Y Jan. 20, 2010); *Quintanilla v. A & R Demolition, Inc.*, 2008 U.S. Dist. LEXIS 37449. * 11 (S.D. Tex. May 7, 2008).

The probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement.  Plaintiffs and Defendants continue to disagree over the merits of the claims and defenses asserted.  If the Parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses.  This settlement, therefore, is a reasonable means for all Parties to minimize future risks and litigation costs.

Further, there has been sufficient investigation and exchange of information to allow the Parties to reach a fair and reasonable resolution of this matter.  In agreeing upon the proposed settlement, the Parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis of the claims.  Finally, the Parties resolved Plaintiffs' claim for fees and costs separately from Plaintiffs' FLSA claim and the amount of the payment is reasonable for the legal work performed.

Finally, the parties provided the Court with sufficient information to approve the mutual general release of claim.  Specifically, the Plaintiffs are not aware of any other claim against Defendant aside from the ones brought in this matter.  The reason why they are releasing their claim brought pursuant to 26 U.S.C. §7434(a) is that they found that it had no merit.  In consideration for their general mutual release, the Plaintiffs are each receiving a total of $100.00.  See, e.g., *Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100.00 as separate consideration for a general release); *Bright*, 2012 WL 868804, at *5 (approving the settlement agreement as to one employee who signed a general release in exchange for the employer foregoing its counterclaims against her).

**WHEREFORE**, the Parties respectfully request that this Honorable Court enter an Order:  (i) GRANTING this Motion; (ii) APPROVING the settlement of the claim under the Fair Labor Standards Act and; (iii) DISMISSING this action with prejudice.

Respectfully submitted this April 19, 2017.

*/s/ Luis A. Cabassa*
Luis A. Cabassa, Esq.
Bar No.:  0053643
Wenzel Fenton Cabassa, P.A.
1110 N. Florida Avenue, Suite 300
Tampa, Florida  33602
Telephone:  (813) 224-0431
Facsimile:  (813) 229-8712
Email: Lcabassa@wfclaw.com
Attorneys for Plaintiffs

*/s/ Kevin D. Zwetsch*
Kevin D. Zwetsch, Esq.
Bar No. 962260
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.A.
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Telephone:  (813) 289-1247
Facsimile:   (813) 289-6530
Email:  kevin.zwetsch@ogletreedeakins.com
Attorneys for Defendants

29373174.1