# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ELVIN ROMAN and VICTOR
SANCHEZ,

        Plaintiffs,

v.                                      Case No: 6:16-cv-969-Orl-41DCI

FSC CLEARWATER, LLC and FSC
CLEARWATER II, LLC,

        Defendants.

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    **THIRD RENEWED JOINT MOTION TO APPROVE FLSA SETTLEMENT (Doc. 35)**
>
> **FILED:**      **April 19, 2017**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. BACKGROUND.

On June 6, 2016, Elvin Roman and Victor Sanchez (collectively, the Plaintiffs) filed a complaint against Defendants, asserting claims for unpaid overtime wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207, and filing fraudulent tax forms with the Internal Revenue Service, in violation of 26 U.S.C. § 7434. Doc. 1. On July 15, 2016, the Court entered an order referring the case to the Magistrate Judge "for issuance of the FLSA Scheduling Order

and management of the deadlines set forth therein." Doc. 16. On August 8, 2016, Defendants filed an answer and affirmative defenses. Doc. 19.

The parties reached a settlement in late August 2016. Doc. 20. The parties settled the case prior to the entry of a FLSA scheduling order, thus Plaintiffs did not have an opportunity to complete and file answers to the Court's FLSA interrogatories, which are customarily provided along with the FLSA scheduling order.

On April 19, 2017, the parties filed the Third Renewed Joint Motion to Approve FLSA Settlement (the Motion), along with the settlement agreements (the Agreements) and the amendments thereto. Docs. 35-1; 35-2.[1] The Agreements provide that Plaintiffs will each receive a total of $10,125.00 to settle their respective FLSA claims against Defendants, which represents $3,375.00 in unpaid overtime wages, $3,375.00 in liquidated damages, and $3,375.00 in attorney fees and costs, the latter of which will be paid directly to Plaintiffs' counsel. Doc. 35-1 at 2-3, 12-13. The Agreements also contain, in relevant part, a mutual general release and confidentiality provision. Doc. 35-1 at 4-7, 14-17. The amendments to the Agreements provide that Plaintiffs will each receive an additional $100.00 in consideration for the general release, and strike the confidentiality provision. Doc. 35-2. The parties request that the Court approve the Agreements, as amended, and dismiss the case with prejudice. Doc. 35 at 8.

---

[1] The parties filed several motions seeking approval of their settlement agreements, but the Court denied those motions for various reasons. Docs. 27; 28; 29; 30; 31; 34.

**II. LAW.**

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[2] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee

---

[2] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[4] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## III. ANALYSIS.

### A. Settlement Amount.

This case involves disputed issues of liability under the FLSA, which constitutes a bona fide dispute. Doc. 35 at ¶ 3. The parties were represented by independent counsel who are obligated to vigorously represent their clients. *Id*. at ¶ 7. The case settled before Plaintiffs had an opportunity to answer the Court's FLSA interrogatories, thus the only evidence of Plaintiffs initial estimate of their unpaid wages is found in the Motion. Plaintiffs represent that they initially estimated that they were each entitled to $3,375.00 in unpaid overtime wages, and an equal amount of liquidated damages. *Id*. at ¶ 2. The parties dispute whether Plaintiffs were paid for all overtime hours worked, and engaged in multiple discusses regarding the validity of Plaintiffs' allegations. *Id*. at ¶¶ 2-3. The parties represent that "there has been sufficient investigation and exchange of information to allow [them] to reach a fair and reasonable resolution of this matter." *Id*. at 7. The parties represent that they agree the "probability of success on the merits, and the complexity, expense, and length of future litigation . . . militate in favor" of settlement. *Id*. Thus, for these reasons, the parties settled this case.

---

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

The parties represent and the Agreements each provide that Plaintiffs, in exchange for a general release, will each receive a total of $10,125.00 to settle their respective FLSA claims against Defendants. Docs. 35 at ¶¶ 2, 6; 35-1 at 2-3, 12-13. This amount represents $3,375.00 in unpaid overtime wages, $3,375.00 in liquidated damages, and $3,375.00 in attorney fees and costs, the latter of which will be paid directly to Plaintiffs' counsel. Docs. 35 at ¶¶ 2, 5; 35-1 at 2-3, 12-13. The parties represent and the Agreements acknowledge that Plaintiffs are each receiving full compensation and an equal amount of liquidated damages to settle their respective FLSA claims. Docs. 35 at ¶ 2; 35-1 at 3, 13. When, as in this case, a plaintiff does not compromise his or her claim, the resulting settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA. *Natera v. Mastercorp of Tennessee, Inc.*, Case No. 6:08-cv-2088-Orl-22DAB, 2009 WL 1515747, at *2 (M.D. Fla. June 1, 2009) (finding "[f]ull recompense of the [FLSA] damage claim is *per se* fair and reasonable"); *Siena v. Morris Publ'g Grp., LLC*, Case No. 3:08-cv-491-J-32MCR, 2008 WL 4097600, at *1 (M.D. Fla. Sept. 4, 2008) (citing authority). Therefore, after reviewing the Motion and Agreements, it is **RECOMMENDED** that the Court find Plaintiffs' settlements to be fair and reasonable.

### B. The General Release.

The Agreements each contain a mutual general release. Doc. 35-1 at 4-6, 14-16. Plaintiffs subsequently executed amendments to the Agreements, providing that they will each receive $100.00 in consideration for the general release. Doc. 35-2. This consideration is in addition to the total amounts Plaintiffs are receiving to settle their respective FLSA claims. *See* Docs. 35-1; 35-2. Plaintiffs represent that they "are not aware of any other potential claims against Defendants

aside from those claims brought in this matter,"[5] and maintain that an additional $100.00 in consideration for the general release is fair and reasonable. Doc. 35 at ¶ 12. In light of Plaintiffs' foregoing representation and the additional consideration provided for the general release, the undersigned finds the general releases do not affect the overall reasonableness of the Agreements. *See Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100.00 as separate consideration for a general release). Accordingly, it is **RECOMMENDED** that the Court find the general releases do not affect the reasonableness of the settlements.

### C. The Confidentiality Provision.

The Agreements each contain a confidentiality provision. Doc. 35-1 at 7, 17. Plaintiffs subsequently executed amendments to the Agreements, providing that the confidentiality provisions be stricken. Doc. 35-2. In light of the amendments to the Agreements, it is **RECOMMENDED** that the Court strike the confidentiality provision (paragraph eight of each settlement agreement) from the Agreements.

### D. Attorney Fees and Costs.

Plaintiffs' counsel will receive a total of $3,375.00 in attorney fees and costs under each settlement agreement, and, thus, will receive a grand total of $6,750.00 in attorney fees and costs for representing Plaintiffs in this case. Doc. 35 at ¶ 5; 35-1 at 3, 13. The parties represent that the attorney fees and costs were discussed after the parties resolved Plaintiffs' FLSA claims, and were "negotiated separately and without regard to the amounts paid to Plaintiffs." Doc. 35 at ¶ 5. The settlement is reasonable to the extent previously discussed, and the parties' foregoing

---

[5] Plaintiffs concede that their claim that Defendants were filing fraudulent tax forms in violation of 26 U.S.C. § 7434, is meritless. Doc. 35 at ¶ 12.

representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiffs. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the amount of the attorney fees and costs to be fair and reasonable.

## IV. <u>CONCLUSION</u>.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 35) be **GRANTED** as follows:

1. The Court **STRIKE** the confidentiality provision (paragraph eight of each settlement agreement (Doc. 35-1 at 7, 17)) from the Agreements;
2. The remainder of the Agreements, as amended, (Docs. 35-1; 35-2) be found to be a fair and reasonable settlement of Plaintiffs' FLSA claims;
3. The case be **DISMISSED with prejudice**; and
4. The Clerk be directed to close the case.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R.

3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

    Recommended in Orlando, Florida on April 21, 2017.

                                        DANIEL C. IRICK
                                        UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy